**COMMONWEALTH of Pennsylvania, Appellant,**

v.

**Henry Allen FERNSLER, Appellee.**

Superior Court of Pennsylvania.

Argued Feb. 24, 1998.
Filed June 9, 1998.

Martricia McLaughlin, Assistant District Attorney, Easton, for Commonwealth, appellant.

Gary N. Asteak, Easton, for appellee.

Steven E. Hoffman, Bethlehem, for County of Northampton, Department of Human Services, amicus curiae.

Before McEWEN, President Judge, and MUSMANNO and BROSKY, JJ.

BROSKY, Judge.

This appeal,[1] taken by the Commonwealth of Pennsylvania, is from the Order denying the Commonwealth's Motion *in limine* and granting appellee's Motion *in limine* concerning the exclusion of evidence of the child victim's admission to a caseworker, while the child victim was in a treatment program for juvenile sex offenders, of prior episodes of sexual assault upon him by appellee. As a result, appellee, the victim's father, now stands accused of rape (18 Pa.C.S.A. § 3121(1)), involuntary deviate sexual intercourse (18 Pa.C.S.A. § 3123), incest (18 Pa. C.S.A. § 4302), indecent assault (18 Pa.C.S.A. § 3126), endangering the welfare of children (18 Pa.C.S.A. § 4304) and corruption of minors (18 Pa.C.S.A. § 6301(a)).

The issue presented by the Commonwealth of Pennsylvania is as follows:

> Whether the [t]rial [c]ourt erred in granting the [appellee's] Motion [i]n [l]imine and denying the Commonwealth's Motion [i]n [l]imine thereby permitting the [d]efense to question one of the child victims in this case at trial pertaining to his prior sexual activity and specifically the circumstances under which his disclosure of a previous

assault he made upon his half sister came to be made during a counseling session when the aforesaid child was in placement for treatment for such sexual activity.

We affirm.

The Commonwealth filed a Motion *in limine* seeking to exclude evidence at trial that the child victim, appellee's son, was in a treatment program for juvenile sex offenders because he had committed a sexual assault upon his half sister several years subsequent to the alleged sexual assault made upon the child victim by appellee. Appellee also filed a Motion *in limine* seeking to have this evidence admitted at trial to show the victim's motive to fabricate the instant charges against appellee in order to gain favorable treatment by the juvenile authorities. The child victim was placed in La Sa Quik, a program for juvenile sex offenders, as a result of his sexual conduct toward his half sister.

At a hearing held on the Motions *in limine,* testimony was adduced that the child victim was required to successfully complete a four-step treatment program at La Sa Quik before being released therefrom. According to the testimony of Mr. Watson, appellant's caseworker at La Sa Quik, the child victim was required to demonstrate successful completion of one step of the program before being permitted to proceed to the next step. Testimony was adduced at the hearing that if the child victim were unable to successfully complete the program at La Sa Quik, the police would have the right to refile the sex assault charges against him.

Appellee's position at the hearing was that the child victim's allegations of sex assault charges against him which occurred several years before was a fabrication made in exchange for assurance that the sex assault charges would not be refiled against the child victim. In other words, appellee believed that in exchange for the child victim's allegations of prior sexual abuse by appellee against him, the child victim would not have to suffer the fear of having sexual assault

---

1. This case is properly before us under Pa.R.A.P. 311(d). See *Commonwealth v. Gordon,* 543 Pa. 513, 673 A.2d 866 (1996).

charges refiled against him. Thus, appellee wished to produce evidence at trial that the child victim had a motive to fabricate the current charges against him. The trial court agreed with appellee. Its rationale for granting appellee's Motion and for denying the Commonwealth's Motion was as follows:

> I believe that the information is factually relevant, that a jury could find—I'm not sure they would necessarily find or be compelled upon—but it's conceivable they could find the information tends to show motive to fabricate, specifically, a desire to enhance standing in a juvenile dependency placement for sexual offenders and prevent reprosecution by the Bangor Police by co-operating with treatment.

> However, the [appellee] does have a constitutional right to confront the accuser, and this seems to be an essential piece of information from the victim.

> The evidence seems to be necessary because there is no other evidence that I'm aware of regarding this particular motive to fabricate or motive to enhance testimony.

> There is apparently other evidence of bias which would be proffered, other evidence of will or desire to get even with the [appellee]. But there is no other information of which I'm aware, that tends to show the background for these particular statements and this particular motive to fabricate, which is a desire to enhance a standing in a juvenile dependency hearing for sex offenders.

> \* \* \*

> But the fact there were those charges outstanding against him [the victim] at the time when he made these initial accusations against his father is relevant, and I believe it's necessary. It's difficult to balance whether it's more probative than prejudicial, but I believe, in balance, it is more important to the defense; however, it is clearly prejudicial, too.

N.T., 7–15–97, pp. 5–7.

*At* issue is the effect of the Rape Shield statute ("the statute"), 18 Pa.C.S.A. § 3104, upon this case. This statute provides:

## § 3104. Evidence of victim's sexual conduct

**(a) General rule.**—Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

**(b) Evidentiary proceedings.**—A defendant who proposes to offer evidence of the alleged victim's past sexual conduct pursuant to subsection (a) shall file a written motion and offer of proof at the time of trial. If, at the time of trial, the court determines that the motion and offer of proof are sufficient on their faces, the court shall order an in camera hearing and shall make findings on the record as to the relevance and admissibility of the proposed evidence pursuant to the standards set forth in subsection (a).

■ "The purpose of the Rape Shield statute is to prevent a trial from shifting its focus away from the culpability of the accused towards the virtue and chastity of the victim." *Commonwealth v. Guy*, 454 Pa.Super. 582, 686 A.2d 397, 400 (1996). "By excluding from trial evidence of the victim's past sexual conduct, the possibility of confusion and prejudice is thus minimalized." *Commonwealth v. Wall*, 413 Pa.Super. 599, 606 A.2d 449, 455 (1992). "[T]he Rape Shield Law aids in the fact finder's search for the truth by excluding evidence which might distract from legitimate issues involved in sexual assault cases." *Id.* In other words, the purpose of the statute is to prevent trial of the victim instead of the accused. · This prior proclivity tended to shift the attention of the fact finder and its focus of inquiry away from the determination of the truth, since "there exists no logical correlation between a victim's chastity or promiscuity and the likelihood that the victim was in fact raped[.] [T]he introduction of such evidence can serve

only to confuse or prejudice the factfinding process." *Id.*

 Although the only specific exception contained in the statute is the admission of prior[2] consensual activity with the accused, other exceptions have been carved out by our appellate courts to accommodate an accused's right under the Confrontation Clause of the Sixth Amendment to the United States Constitution to confront and cross-examine witnesses against him/her. *Commonwealth v. Guy, supra.* Thus, "evidence tending to directly exculpate the accused by showing that the alleged victim is biased and thus has a motive to lie, fabricate, or seek retribution is admissible at trial." *Id.* As this court observed:

> " 'The Rape Shield Law is not meant to prevent the admission of evidence that goes to bias or motive for testifying against the defendant when it might be exculpatory as to the defendant and establish a motive for the victim to color her[/his] testimony....' The Sixth Amendment to the Constitution guarantees the right of an accused in a criminal prosecution 'to be confronted with the witnesses against him.' This right is secured for defendants in state as well as federal criminal proceedings....' Specifically, '[an] attack on the witness' credibility is effected by means of cross-examination directed toward revealing possible biases, prejudice or ulterior motives of the witness as they may relate directly to issues or personalities in the case at hand....' " We *have recognized that the exposure of a witness' motivation in testifying is a proper and important function of the constitutionally protected right of cross examination.*

*Commonwealth v. Riley*, 434 Pa.Super. 414, 643 A.2d 1090, 1093 (1994), *quoting*, in part, *Davis v. Alaska*, 415 U.S. 308, 315, 316–17, 94 S.Ct. 1105, 1110, 39 L.Ed.2d 347 (1974). (Emphasis in text). We have held, moreover, that the Rape Shield statute and the Confrontation Clause do not work at cross-purposes. Even incidental prejudice may be

sufficient to exclude evidence which has little, if any, bearing on the ultimate issue of fact at trial without doing violence to the Confrontation Clause. *Commonwealth v. Wall, supra.* Instead,

> [i]t is only where the truth determining process is not forwarded by the exclusion of past sexual history that the Rape Shield Law and the Confrontation Clause may not be reconciled. Under these relatively rare circumstances, as this Court has previously recognized, 'Rape Shield laws, if rigidly construed, could impermissibly encroach upon a defendant's right to confront and cross-examine witnesses which is secured by the United States and Pennsylvania Constitutions.'.... In such rare cases[,] '*the Rape Shield Law must bow to the need to permit an accused an opportunity to present genuinely exculpatory evidence....*'

*Id.* 606 A.2d at 457, *quoting*, in part, *Commonwealth v. Nieves*, 399 Pa.Super. 277, 582 A.2d 341, 346 (1990). (Emphasis supplied).

 To assist in deciding when the truth-determining process may be effectively hampered or aided by the application of the statute, trial courts are required to follow a procedure "to ensure that no evidence of the victim's sexual history is introduced unless and until it can be established that to exclude such evidence would lay [the] victim to the very raison d'etre of the trial itself: the pursuit of truth." *Id.* The defendant must first submit a specific proffer of the evidence which he/she desires to have admitted and explain why he/she believes it is relevant to his/her defense. *Id.* In this way, a defendant is prevented from embarking upon a fishing expedition which, itself, may intrude upon the protections afforded by the statute.

Where the proffer amounts to mere speculation and conjecture, it will be rejected for admission at trial, and no further inquiry will be made. *Id.* If, however, the proffer is sufficiently specific, the trial court will then be required to make a three-fold analysis of the substance of the proffer at an *in camera*

---

**2.** Although the statute bars evidence of *past* sexual conduct, in this case, the child victim's sexual conduct sought to be admitted at trial occurred *subsequent* to the alleged sexual conduct of appellee towards the child victim. This is a non-substantive distinction which does not affect our disposition.

hearing,[3] to-wit: The trial court must determine (1) if the evidence sought to be admitted is relevant to the accused's defense, (2) whether the evidence sought to be admitted is merely cumulative of evidence otherwise admissible at trial, and (3) whether the evidence which the accused wishes to introduce at trial is more probative than prejudicial. *Id.* Before embarking upon this three-pronged analysis, however, we must quickly dismiss the Commonwealth's contention that the proffer is not sufficiently specific.

■ Appellee wishes to introduce at trial evidence that the child victim, his son, was possessed of a motive to fabricate the instant charges against him in order to escape the possibility of future refiling of sex assault charges against him because of his conduct towards his half sister. Since the child victim was participating in an in-house treatment program for juvenile sex offenders at the time he (the child victim) informed his caseworker, Mr. Watson, that appellee had sexually assaulted him several years before, appellee also wishes to demonstrate at trial that the child victim may have been promised some type of leniency or special privileges in exchange for the latter's testimony against appellee. It was irrefutably established at the *in camera* hearing that the child victim was in an in-house treatment program for juvenile sex offenders and that he was required to accomplish specific goals in the program before being released therefrom. Uncontroverted testimony was also adduced at the hearing that the police had the option of refiling sex assault charges against the child victim if the latter failed to successfully complete the treatment program. Therefore, we deem appellee's proffer sufficiently specific to warrant its examination under the foregoing three-part test.

■ Our initial inquiry is to determine whether the proffered evidence is relevant to appellee's defense at trial. " '[Ev]idence is relevant if it "logically tends to prove or disprove a material fact in issue, tends to make such a fact more or less probable, or affords the basis for or supports a reasonable inference or presumption regarding the existence of a material fact." ' " *Id.* 606 A.2d at 458, *quoting Commonwealth v. Smith*, 410 Pa.Super. 363, 599 A.2d 1340, 1344 (1991). "As applied to the Rape Shield Law, relevant evidence is that which may tend to directly exculpate the accused by showing ... bias, hostility, motive to lie or fabricate...." *Commonwealth v. Guy, supra,* at 401. Thus, evidence tending to show that a victim had a motive to lie or to fabricate sex assault charges against an accused is relevant because of its exculpatory nature, *i.e.,* it is evidence which would tend to disprove the accusation. It shows where the victim's allegiance lay. *Commonwealth v. Wall, supra, citing Commonwealth v. Black*, 337 Pa.Super. 548, 487 A.2d 396 (1985) (*en banc*) (plurality). Here, it is apparent from the testimony adduced at the hearing that the child victim's allegiance lay with the juvenile authorities to avoid the possibility of a refiling of the sex assault charges against the child victim. Moreover, the timing of the allegations of sexual abuse made by the child victim against appellee, *i.e.,* while the former was in a treatment program for juvenile sex offenders, leads us to conclude that this evidence may tend to show fabrication of the charges against appellee. *Id.*

In *Commonwealth v. Eck*, 413 Pa.Super. 538, 605 A.2d 1248 (1992), this court was asked to consider whether the Rape Shield statute barred the admission of evidence at trial of a victim's sexual conduct while the victim resided in a foster home. The appellant there filed a Motion *in limine* maintaining that admission of this evidence was necessary to establish that the victim, his foster brother, was possessed of a motive for testifying falsely against him. The appellant argued that evidence of the victim's sexual conduct while residing at the foster home was "directly relevant to demonstrating the alleged victim's bias, attacking his credibility, showing his prejudice, demonstrating his motive, negating the act [with] which Defendant is charged [and] showing hostility...." At 1254. The appellant's offer of proof was that "the evidence was relevant to [his] defense that [the victim] had fabricated the incident."

---

3. The Commonwealth is not contesting that the trial court decided the matter without the holding of an *in camera* hearing, nor does it maintain that the hearing was procedurally defective.

*Id.* Specifically, the victim there had a juvenile record for sex offenses against another juvenile committed while the juvenile resided at a foster home. The appellant argued that evidence of the juvenile victim's prior record, his probationary status for that offense and his commission of that act should not be barred by the statute because it would demonstrate his bias, prejudice or motive to fabricate. The appellant theorized that the juvenile would have a motive to fabricate the sexual assault charges against him because of the juvenile's fear of having violated the terms of his probation because of underage drinking. Because of this violation, the victim was placed at a disciplinary level in the foster home. The appellant maintained that the victim's fear of this disciplinary action may have triggered a motive to fabricate the sexual assault charges against the appellant. In response to this argument, we held:

> By excluding evidence of [the victim's] juvenile record and his prior sexual conduct, the trial court prevented appellant 'from showing the existence of a possible ulterior motive on the part of the complainant ..., [and] defense counsel was unable to cross-examine the complainant effectively....' [The] Appellant theorizes that, as the perpetrator of a sexual offense, [the victim] learned that victims receive more favorable treatment than do perpetrators. [The] Appellant contends that, fearing disciplinary action for violating [the placement facility's] rules, [the victim] fabricated the charges against [the] appellant. The jury may have found [the] appellant's theory to be credible or incredible. Nevertheless, the jury had a right to hear the evidence of the victim's juvenile record and/or past sexual conduct, if relevant, and if it substantiated appellant's theory of fabrication, so long as the probative value of the evidence was not outweighed by its unfair prejudicial effect. We therefore conclude that the trial court erred in excluding this evidence outright....

605 A.2d at 1255.

Here, appellee's proffered theory and the situation of the child victim are sufficiently similar to that occurring in *Eck* to persuade us that the nature of the evidence which appellee seeks to introduce in his defense at trial is relevant to appellee's defense against the charges brought by the child victim.

The next step of our inquiry is to determine whether the evidence which appellee wishes to introduce at trial in his defense is merely cumulative of other admissible evidence. *Commonwealth v. Wall, supra.* Appellee's counsel stated at the *in camera* hearing that both the child victim and his brother would testify at trial that both were angry at appellee because the latter forced them to return to their mother and that the mother had a history of abusive behavior towards the boys. However, this testimony, alone, would not furnish the reason for the child victim's fabrication of allegations of sexual abuse against appellee. *Cf. Id.* (other evidence to challenge credibility of victim does not suggest reason for victim to show hostility towards defendant which would manifest itself in sexual abuse claim). Appellee is unable to demonstrate his theory of fabrication by any other means at trial except through evidence showing the circumstances under which the child victim was placed at La Sa Quik, the steps which are necessary to successfully complete the program and, in particular, how far the juvenile victim had progressed in the program at the time when he made the allegations of sexual abuse against appellee, and whether the child victim's allegations against appellee were prompted by his fear of the possibility that the police may refile the sexual assault charges against him and/or by the promise of privileges or leniency in the program. We therefore hold that the evidence which appellee seeks to introduce at trial in his defense is not cumulative.

As the final step of our inquiry, we must determine if the probative value of the proffered evidence outweighs any prejudice which may result from its admission. *Id.* Although evidence may be relevant under a given set of circumstances, its exclusion at trial will not violate a defendant's right under the Confrontation Clause if its prejudicial nature outweighs its probative value. *Id.* The purpose of admitting this evidence is not to impugn the character of the child victim as a sexually promiscuous individual. It is not to punish him for being a victim at appellee's

hands.[4] It is not to label the child victim as a "bad boy." It is not to seek retribution against him for having embarrassed appellee by allegations of sexual abuse or to discredit appellee's character in the community. It is simply to flush out the truth.

We conclude that the probative force of this evidence outweighs any prejudicial effect which it may engender. "To ... exclude[-] such evidence, under these peculiar circumstances, [is] to frustrate the truth-determining process by preventing consideration of exculpatory evidence to the defense." *Id.*, 606 A.2d at 466. (Footnote omitted). We acknowledge, albeit reluctantly, that the situation at bar is one of those "rare cases" where the Confrontation Clause impels the conclusion that " 'the Rape Shield Law must bow to the need to permit an accused an opportunity to present genuinely exculpatory evidence....' " *Id.*, 606 A.2d at 457, *quoting Commonwealth v. Nieves, supra,* 582 A.2d at 346. It will be for the fact finder at trial to decide whether it believes the defense theory and evidence and whether that belief is sufficient to exonerate appellee of the charges against him. The fact finder has the right to hear this evidence because it is relevant, non-cumulative, and its probative value outweighs any prejudicial effect. *Commonwealth v. Eck, supra.* "For us, it is sufficient to say that we believe the constitutional right to confrontation and cross-examination demands that [the fact finder] be given such an opportunity." *Commonwealth v. Wall, supra,* 606 A.2d at 466.

Order affirmed.

---

**4.** Evidence that the child in question was a victim would not be barred by the Rape Shield statute as it does not impinge upon the victim's reputation for chastity. *Commonwealth v. Johnson,* 536 Pa. 153, 638 A.2d 940 (1994).