2018 PA Super 246

COMMONWEALTH OF PENNSYLVANIA　　:　　IN THE SUPERIOR COURT OF
　　　　　　　　　　　　　　　　:　　　　　　PENNSYLVANIA
　　　　　　　　　　　　　　　　:
　　　　　　　　v.　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　　　　　　　　　　:
DAROLD WILLIAM PALMORE　　　　:
　　　　　　　　　　　　　　　　:
　　　　　　　Appellant　　　　:　　No. 931 WDA 2017

Appeal from the Judgment of Sentence June 7, 2017
In the Court of Common Pleas of Clarion County
Criminal Division at No(s):　CP-16-CR-0000086-2016

BEFORE:　OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.

OPINION BY OLSON, J.:　　　　　　　　　　　FILED SEPTEMBER 05, 2018

　　　　Appellant, Darold William Palmore, appeals from the judgment of sentence entered on June 7, 2017.　Appellant's primary contention on appeal is that the trial court wrongly barred certain testimony from a sexual assault victim under Pennsylvania's Rape Shield Law, 18 Pa.C.S.A. § 3104.　We hold that the application of the Rape Shield Law in the particular circumstances of this case violated Appellant's Confrontation Clause rights.　As this was not harmless error, we vacate Appellant's judgment of sentence and remand for a new trial.

　　　　During the Fall 2015 semester, Appellant was a student at Clarion University.　One evening, he hosted a gathering in his dorm room where he met K.H. ("Victim").　Approximately two weeks later, Appellant and Victim were speaking in Victim's dorm room.　Appellant forced himself on Victim, kissed her, placed one hand under Victim's shirt touching her breast, and

placed one hand down Victim's pants touching her vagina. Victim objected throughout this assault.

The Commonwealth charged Appellant via criminal information with indecent assault,[1] disorderly conduct,[2] and harassment.[3] Prior to trial, Appellant moved in limine to permit introduction of Victim's past sexual conduct. At the conclusion of an in camera hearing, the trial court denied the motion. During trial, Appellant moved for reconsideration of this decision and the trial court denied that motion. On October 11, 2016, a jury found Appellant guilty of all three offenses. On May 25, 2017, at the conclusion of an evidentiary hearing, the trial court designated Appellant a sexually violent predator ("SVP"). On June 7, 2017, the trial court sentenced Appellant to an aggregate term of 228 to 729 days' imprisonment. This timely appeal followed.[4]

Appellant presents four issues for our review:

---

[1] 18 Pa.C.S.A. § 3126(a)(1).

[2] 18 Pa.C.S.A. § 2709(a)(1).

[3] 18 Pa.C.S.A. § 5503(a)(4).

[4] On June 28, 2017, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). See Pa.R.A.P. 1925(b). On August 25, 2017, Appellant filed his concise statement. On September 19, 2017, the trial court issued its Rule 1925(a) opinion. Appellant included his first three issues in his concise statement but did not include his fourth issue in his concise statement. Nonetheless, as that issue goes to the legality of Appellant's sentence, it cannot be waived. See Commonwealth v. Wilcox, 174 A.3d 670, 672 (Pa. Super. 2017), appeal denied, 184 A.3d 545 (Pa. 2018) (citation omitted).

1. Did the trial court err in denying Appellant's request to question [V]ictim regarding her knowledge of a conversation between Appellant and her then boyfriend concerning a prior sexual encounter?

2. Did the trial court err in disallowing Appellant to adequately question [V]ictim regarding statements that she made at the time of trial, thereby violating Appellant's [C]onfrontation [C]lause rights?

3. Did the trial court err in not issuing a subpoena duces tecum to Clarion University, thereby substantially hindering Appellant's ability to assemble evidence in his defense and violating his due process rights?

4. Pursuant to [Commonwealth v. Butler, 173 A.3d 1212 (Pa. Super. 2017),] was there error in designating the Appellant as a[n SVP], where there was no jury finding beyond a reasonable doubt to support that allegation?

Appellant's Brief at 4.

In his first two questions presented, Appellant argues that the trial court erred in excluding testimony related to Victim's prior sexual conduct. To the extent that these questions raise Confrontation Clause issues, our standard of review is de novo and our scope of review is plenary. Commonwealth v. Tejada, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted). To the extent that these questions raise subsidiary evidentiary issues, we review the trial court's determination for an abuse of discretion. See Commonwealth v. Mangel, 181 A.3d 1154, 1158 (Pa. Super. 2018) (citation omitted).

Appellant argues that the trial court improperly excluded evidence of Victim's past sexual conduct pursuant to Pennsylvania's Rape Shield Law, which provides that:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions . . . except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S.A. § 3104(a).

In this case, Appellant sought to admit evidence that he witnessed Victim perform oral sex on his roommate. Appellant argued that he confronted Victim about cheating on her boyfriend with his roommate and that he later informed Victim's boyfriend about the encounter. He testified that he verbally informed Victim's boyfriend of the encounter and then communicated about the encounter in a Facebook Messenger conversation with Victim's boyfriend. Appellant theorized that Victim accused him of sexual assault so that her boyfriend would not believe his story that he witnessed Victim engaging in sexual conduct with Appellant's roommate.

Appellant concedes that the evidence he sought to admit did not fall within the Rape Shield Law's lone statutory exception because the sexual conduct in question was not with him. Nonetheless, he contends that the trial court erred in excluding the evidence because "the Rape Shield Law may not be used to exclude relevant evidence showing witness[] bias or attacking [a witness'] credibility." Commonwealth v. Holder, 815 A.2d 1115, 1119 n.1 (Pa. Super. 2003) (citation omitted). Phrased differently, the Rape Shield Law

violates the Confrontation Clause when it seeks to prohibit admission of evidence related to witness bias and/or credibility. See id.

The trial court must engage in a four-part inquiry if a defendant seeks admission of a victim's past sexual conduct under either the statutory exception or a constitutional exception to the Rape Shield Law. After a defendant provides notice that he or she wishes to introduce such evidence, see 18 Pa.C.S.A. § 3104(b), the trial court must determine if the proffered reason for introduction of past sexual conduct evidence is mere speculation or conjecture. Commonwealth v. Wall, 606 A.2d 449, 457 (Pa. Super. 1992) (citation omitted). If the proffered evidence is not speculation or conjecture, the trial court must conduct an in camera hearing. See 18 Pa.C.S.A. § 3104(b). At the conclusion of that hearing

> [t]he trial court must determine (1) if the evidence sought to be admitted is relevant to the accused's defense, (2) whether the evidence sought to be admitted is merely cumulative of evidence otherwise admissible at trial, and (3) whether the evidence which the accused wishes to introduce at trial is more probative than prejudicial.

Commonwealth v. Fernsler, 715 A.2d 435, 440 (Pa. Super. 1998) (citation omitted).

Because the trial court conducted the in camera hearing required under section 3104(b) we infer that the trial court determined that the evidence proffered by Appellant did not constitute speculation or conjecture. We agree with this determination as the evidence could be construed to show that Appellant notified Victim's boyfriend of the alleged sexual encounter between

Victim and Appellant's roommate and that, thereafter, Victim contacted the police to discredit Appellant's allegation in the eyes of her boyfriend. So construed, the evidence Appellant sought to admit was relevant because it went to Victim's credibility. See Commonwealth v. Woeber, 174 A.3d 1096, 1104 (Pa. Super. 2017). Furthermore, the evidence was not cumulative of other evidence. To the contrary, the only way Appellant could establish that Victim fabricated the alleged attack was to explore Victim's prior sexual conduct, including Appellant's communications with Victim's boyfriend. The trial court, however, found that the evidence was more prejudicial than probative. As such, the trial court found that excluding the evidence under the Rape Shield Law did not violate Appellant's Confrontation Clause rights. After careful consideration, we conclude that the trial court erred in finding that the unfair prejudice associated with the proffered evidence outweighed its probative value.

Our prior case law illustrates the source of the trial court's order. In Commonwealth v. Eck, 605 A.2d 1248 (Pa. Super. 1992), this Court explained the balance between the probative value of evidence of past sexual conduct and the prejudicial effect of such proof. In Eck, the defendant was accused of sexually assaulting his foster brother. Like in the case at bar, the defendant argued that the victim fabricated the incident and attempted to introduce evidence of the victim's prior sexual conduct to attack his credibility. The trial court held that the evidence was inadmissible under the Rape Shield

Law. This Court vacated that decision and remanded for a determination of whether the probative value of the evidence outweighed its risk of unfair prejudice. This Court emphasized that the probative value need only outweigh the risk of unfair prejudice. Id. at 1254. That is, to constitute unfair prejudice, the evidence must "inflame the minds of the jurors." Id. This distinction is crucial because evidence of the victim's past sexual conduct is always prejudicial. See Commonwealth v. Johnson, 566 A.2d 1197, 1199 (Pa. Super. 1989) (en banc), aff'd, 638 A.2d 940 (Pa. 1994).

This Court has found violations of the Confrontation Clause in cases that involve the exclusion of evidence offered to establish a sex assault victim's motive to fabricate an attack. In Fernsler, the defendant sought to "introduce evidence that the child victim, his son, possessed a motive to fabricate the charges . . . to escape the possibility of future sex assault charges based on the son's conduct towards his half[-]sister." Fernsler, 715 A.2d at 440 (cleaned up). The trial court held that excluding the evidence would violate the defendant's Confrontation Clause rights. The Commonwealth appealed, arguing that admission of the evidence was barred by the Rape Shield Law. This Court affirmed, concluding that "the Rape Shield Law must bow to the need to permit [the defendant] an opportunity to present genuinely exculpatory evidence." Id. at 442 (citation omitted).

When analyzing whether the probative value of the evidence outweighed any unfair prejudice this Court stated that

the purpose of admitting the evidence was not to impugn the character of the child victim as a sexually promiscuous individual. It was not to punish him for being a victim at the defendant's hands. It was not to label the child victim as a bad boy. It was not to seek retribution against him for having embarrassed the defendant by allegations of sexual abuse or for discrediting the defendant's character in the community. It was simply to flush out the truth.

Id. at 441–442 (cleaned up).

The same is true in the case sub judice. Appellant did not seek admission of the evidence to impugn Victim's character or label her as a promiscuous college student. Instead, Appellant sought admission of the evidence to get to the truth by challenging Victim's credibility. Thus, admission of the evidence does not deviate from the Rape Shield Law's purpose of "prevent[ing] a trial from shifting its focus away from the culpability of the accused towards the virtue and chastity of the victim." Commonwealth v. Guy, 686 A.2d 397, 400 (Pa. Super. 1996).

Despite the Rape Shield Law, this Court has allowed evidence concerning the timing of sexual abuse claims where such evidence did not impermissibly shift the focus of proceedings before the trial court. In Wall, the defendant attempted to introduce evidence that the victim previously accused "her mother's adult male paramour [of sexual assault] and that the success of that prosecution caused the victim's removal from her mother's home and placement in the home in which her aunt and [the defendant] later served as her guardians." Wall, 606 A.2d at 457–458. Like in the case at bar, the trial court barred that evidence because it found that its probative value did not

outweigh the risk of unfair prejudice. This Court reversed, finding that the probative value of the evidence outweighed the risk of unfair prejudice. This Court reasoned that

> the timing of the victim's sexual abuse complaint, and the fact that, according to the victim's aunt, the victim left a note to explain why she had to do this, we conclude that the excluded evidence here was . . . absolutely critical to the defense. If believed, the evidence would indeed have been exculpatory to the defendant. Under the circumstances of this case we conclude that the probative value outweighed the possibility of prejudice and that, therefore, the trial court erred in excluding it from trial.

Id. at 465–466.

Similar circumstances are present in the case at bar. Appellant's defense rested on his assertion that Victim reported the sexual assault to discredit his statement that she had sexual contact with Appellant's roommate. The timing of Victim's report and Appellant's communication with Victim's boyfriend are logically consistent with his theory. Hence, the probative value of the evidence is relatively high. Moreover, the risk of unfair prejudice is low. As we have discussed above, Appellant did not seek to portray Victim as promiscuous or claim that she somehow enticed the assault. Instead, he denied that the assault occurred and sought to attack her credibility by pointing out a plausible motive for her report to police.

The cases discussed above stand in stark contrast to those cases in which this Court has held that excluding evidence of a victim's past sexual conduct did not violate a defendant's Confrontation Clause rights. For example, in Guy this Court held that a victim's past sexual conduct with a

third-party was inadmissible in an attempt to bolster a consent defense because it attempted "to prove that the victim acted in conformity with past behavior on the date in question." Guy, 686 A.2d at 401. Hence, in Guy the defendant attempted to argue that the victim consented to a sexual encounter because of her promiscuity; the evidence was not simply an attack on the victim's credibility. Again, in this case Appellant is not attempting to portray Victim as consenting to sexual contact because she is promiscuous.

Similarly, in Commonwealth v. Widmer, 667 A.2d 215 (Pa. Super. 1995), rev'd on other grounds, 689 A.2d 211 (Pa. 1997), this Court held that

> the evidence of the victim's prior sexual conduct with her boyfriend was not offered by Widmer for the purpose of demonstrating that he did not engage in sexual intercourse with the victim. Similarly, he was not seeking to demonstrate motive or bias on the part of the victim. Rather, Widmer was seeking to bolster his claim of consent by portraying the victim as having been sexually promiscuous.

Id. at 222.

As is evidenced by our discussion of this Court's prior decisions, our case law draws a sharp distinction between a defendant who offers evidence of a victim's past sexual conduct to attack his or her credibility and a defendant who seeks to offer such evidence to advance a consent defense. In the former cases, this Court has held that exclusion of the evidence sometimes violates a defendant's Confrontation Clause rights. In the latter cases, this Court has held that exclusion of the evidence does not violate a defendant's Confrontation Clause rights.

In this case, Appellant attempted to introduce evidence of Victim's past sexual conduct in order to attack her credibility. Appellant did not seek to portray Victim as promiscuous or prove that she consented to a sexual encounter. To the contrary, Appellant's defense was that no such contact occurred between himself and Victim. Hence, this case is analogous to Fernsler and Wall and not analogous to Guy and Widmer.

The trial court also found that there was no proof that Victim saw Appellant's Facebook Messenger communication with her boyfriend prior to filing a police report or that her boyfriend was angry about the allegations. These findings, however, are unsupported by the record. The record reflects, that Victim testified at the preliminary hearing that she saw the messages. See N.T., 2/9/16, at 27. At trial, she clarified that she saw the messages prior to reporting the alleged assault to police. See N.T., 10/10/16, at 57-59. Moreover, it can be reasonably inferred that Victim's boyfriend was unhappy when told that Victim allegedly engaged in sexual conduct with Appellant's roommate. Hence, the trial court's rationale for finding the probative value of the evidence low is unsupported by the record. For the reasons set forth above, we conclude that the probative value of the evidence outweighed the risk of unfair prejudice. Accordingly, we hold that the trial court erred in excluding the evidence. Moreover, this evidence was at the core of Appellant's defense and he did not have an opportunity to present other evidence similarly attacking Victim's credibility. Hence, the error was not harmless.

In sum, we hold that exclusion of Victim's past sexual conduct violated Appellant's Confrontation Clause rights. As that error was not harmless, we vacate Appellant's judgment of sentence and remand for a new trial consistent with this opinion. We decline to address Appellant's remaining issues because they would not entitle him to discharge.

Commonwealth's Brief stricken. Judgment of sentence vacated. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/5/2018