963 A.2d 1272

**COUNTY OF BERKS and Berks County Board of Inspectors of the County Prison, Respondents**

v.

**INTERNATIONAL BROTHERHOOD OF TEAMSTERS LOCAL UNION NO. 429, Petitioner.**

Supreme Court of Pennsylvania.

Feb. 18, 2009.

### ORDER

PER CURIAM.

**AND NOW,** this 18th day of February 2009, the Petition for Allowance of Appeal is **GRANTED.** Because the finding of the arbitrator that Respondents failed to establish just cause for the suspension of the prison guards was rationally derived from the parties' collective bargaining agreement, it was entitled to deference under the "Essence Test" as reaffirmed by our Court most recently in *Westmoreland Intermediate v. Westmoreland (PSEA)*, 595 Pa.648, 939 A.2d 855 (2007). The order of the Commonwealth Court overturning the arbitrator's award is hereby **REVERSED.** *See Office of the Attorney General v. Council 13, AFSCME,* 577 Pa. 257, 844 A.2d 1217 (2004) (holding that where just cause is undefined by the terms of a collective bargaining agreement, in order to determine whether an employer had just cause to discipline an employee, an arbitrator may properly examine a variety of factors involving the nature of the existing employment rela-

tionship and the particular circumstances surrounding the disciplinary action taken).

Justice SAYLOR files a Dissenting Statement joined by Justice EAKIN and Justice BAER.

Justice SAYLOR, dissenting.

I respectfully dissent, as I do not subscribe to the majority's view that *Office of Attorney General v. Council 13, AFSCME,* 577 Pa. 257, 844 A.2d 1217 (2004), sufficiently dictates the result of this case to warrant a final decision on the merits at this stage of the proceedings. Normally the allocatur stage is reserved for making the threshold determination of whether or not to grant discretionary review. *See* Supreme Court IOP § 5C. While the outcome of certain cases may be so apparent to justify a *per curiam* disposition on the merits at the allocatur stage, particularly where a decision of this Court is clearly aligned with the case under review, I do not construe *Office of Attorney General* as having such an impact on the present factual circumstances. To the contrary, our Internal Operating Procedures suggest against the use of a *per curiam* order to apply an established rule of law to a novel factual situation. *See id.* § 3B(5)(1)(c).

In this regard, the grievance at issue in *Office of Attorney General* involved the termination of an employee for unbecoming conduct, including operation of an official vehicle while off-duty and using alcohol. *See Office of Attorney General,* 844 A.2d at 1219. The arbitrator, although finding that the employee had engaged in the misconduct, concluded that his actions did not provide just cause for his termination under the collective bargaining agreement, which contained a general just cause provision. *See Office of Attorney General,* 844 A.2d at 1223 ("Employer shall not demote, suspend, discharge, or take any disciplinary action against an employe without just cause."). In applying the essence test and determining that the arbitrator's award rationally derived from the collective bargaining agreement, the Court noted the absence of a definition of just cause in the agreement and, because the

concept was not capable of an easy and concrete definition in the labor relations context, delineated several factors that could be evaluated by the arbitrator to determine whether there was just cause for the discharge or discipline. *See id.* at 1224. Ultimately, the Court held that the arbitrator rationally interpreted the just cause provision by considering such mitigating circumstances as the treatment of similarly situated employees and the discharged employee's subsequent ameliorative conduct. *See id.*

By contrast, although the collective bargaining agreement in the present matter contains a general, undefined just cause provision, it also expressly dictates the consequences of a corrections officer's failure to qualify for weapons certification. More specifically, Section 33.2C of the parties' collective bargaining agreement provides as follows:

> All employees covered under this agreement will be required to qualify semi-annually. Employees who fail to qualify will be suspended without pay and given four (4) opportunities to qualify within one (1) week. If [an] employee fails to qualify after four (4) attempts in one (1) week they [sic] will be terminated.

The Commonwealth Court construed this provision, which is the result an interest arbitration award, as reflecting the interest arbitration panel's determination that just cause exists to impose disciplinary action for failing to qualify for weapons use. It is thus arguable that the directive of Section 33.2C imposes a limitation upon the just cause analysis in the grievance arbitration context. On the other hand, the arbitrator reasoned that, despite the language of Section 33.2C, the County's modification of the weapons training and practice procedure after the interest arbitration award impacted the just cause analysis such that Section 33.2C does not *per se* support the propriety of the suspensions.

Without expressing any view of the merits, it is clear to me that the current factual scenario is not directly aligned with *Office of Attorney General,* and as such, that case does not support the majority's *per curiam* order of reversal. While I would support a general grant of allocatur so that this case

could be decided upon full development, I respectfully dissent in light of the majority's summary treatment.

Justice EAKIN and Justice BAER join this dissenting statement.