4 A.3d 153

**PROGRESSIVE NORTHERN INSURANCE COMPANY, Respondent**

v.

**Robert L. HENRY, Deborah M. Henry, and Ryan Henry, Petitioners.**

Supreme Court of Pennsylvania.

Sept. 8, 2010.

***ORDER***

PER CURIAM.

**AND NOW,** this 8th day of September, 2010, the Petition for Allowance of Appeal is hereby **GRANTED.** The order of the Superior Court dated June 4, 2009, reversing the order of the Court of Common Pleas of York County is hereby **VACATED,** and the matter is **REMANDED** for the Superior Court to affirm the order of the trial court and to direct the trial court to reinstate the award entered by the arbitration panel. *See generally Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Ins. Co.,* 589 Pa. 317, 908 A.2d 888, 897 (2006) (stating that a court must give effect to policy

language that is clear and unambiguous; alternatively when a policy provision is ambiguous, the policy must be construed in favor of the insured and against the insurer which drafts the contract).

Justice SAYLOR files a Dissenting Statement which Chief Justice CASTILLE joins.

Justice SAYLOR, dissenting.

I respectfully dissent.

The allocatur stage is normally reserved for making the threshold determination of whether or not to grant discretionary review. *See* Supreme Court IOP § 5C. Thus, I continue to believe that the use of *per curiam* orders effectuating reversals on the merits at this stage should be reserved for a very narrow set of clear-cut cases, in which there is directly relevant authority that indisputably controls the point in question. *Accord* Supreme Court IOP § 3B(5); *County of Berks v. Int'l Bhd. of Teamsters Local Union No. 429*, 600 Pa. 128, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). In my view, the majority's citation to *Kvaerner Metals Division of Kvaerner U.S., Inc. v. Commercial Union Insurance Company*, 589 Pa. 317, 908 A.2d 888, 897 (2006), does not satisfy the above standard, since that case is not directly on point. Moreover, the accompanying parenthetical that generally discusses the dichotomy of ambiguous and unambiguous insurance policy language falls far short of the necessary explanation of the decision's controlling significance here.

Chief Justice CASTILLE joins this Dissenting Statement.