17 A.3d 1247

**COMMONWEALTH of Pennsylvania, Petitioner**

v.

**Jamar Lashawn TRAVILLION, Respondent.**

Supreme Court of Pennsylvania.

Filed April 29, 2011.

Michael Wayne Streily, Rebecca Good McBride, Allegheny County District Attorney's Office, Pittsburgh, for petitioner.

Thomas N. Farrell, Farrell & Kozlowski, Pittsburgh, for respondent.

## *ORDER*

PER CURIAM.

**AND NOW,** this 29th day of April 2011, the Petition for Allowance of Appeal is **GRANTED,** the Order of the Superior Court is **REVERSED** and the judgment of sentence is **REINSTATED,** pursuant to this Court's decision in *Commonwealth v. Lucarelli,* 601 Pa. 185, 971 A.2d 1173 (2009).

A divided Superior Court panel, with one judge concurring in the result and one judge dissenting, reversed the trial court's judgment of sentence for second-degree murder and related crimes, and remanded to the trial court for a new trial, finding that the trial court improperly denied respondent his right to counsel. In so holding, the lead memorandum opined that the record failed to demonstrate that respondent's behavior "unreasonably clog[ged] the machinery of justice or hamper[ed] and delay[ed] the state's efforts to effectively administer justice." Super. Ct. Op. at 10, quoting *Lucarelli,* 971 A.2d at 1179. This was a plainly erroneous application of *Lucarelli.*

The trial court first determined that respondent had waived his right to counsel, as the trial court had done in *Lucarelli.* However, in the case *sub judice,* the trial court issued an addendum, concluding that respondent, in light of *Lucarelli,* had forfeited his right to counsel by his pattern of deliberate and dilatory behavior. That behavior included, *inter alia,* firing his original privately retained trial counsel, who was prepared to proceed to trial; refusing to hire new counsel; and refusing to meet and cooperate with two court-appointed lawyers.

Respondent's claim before the Superior Court that the trial court improperly deprived him of his right to counsel is specious. The trial court made every effort to accommodate respondent and to protect his right to counsel in spite of his obstructive behavior over a period of more than one year.

While it is true that respondent was entitled to choose his own counsel, he was not "permitted to unreasonably clog the machinery of justice or hamper and delay the state's efforts to effectively administer justice." *Lucarelli*, 971 A.2d at 1178–79. Further, respondent's refusal even to meet with court-appointed counsel illustrates his insistence on retaining private counsel. "Where a defendant knowingly and intelligently refuses appointed counsel while insisting on privately retained counsel without taking steps to secure such private counsel, the defendant must be prepared to accept the consequences of his or her choice." *Id.* at 1179.

Therefore, in accordance with *Lucarelli*, despite the initial finding of waiver of counsel by the trial court, we agree with the trial court's conclusion in its addendum—that respondent forfeited his right to counsel. Some measure of deference must be shown to the trial court, which is in a better position to assess a defendant's sincerity and motivation in delaying a trial and to determine whether a defendant's conduct is genuine or obstructive. The trial court here correctly concluded that the record establishes that respondent's conduct was an orchestrated plan to manipulate the system. Accordingly, as contemplated by *Lucarelli*, respondent's behavior constituted extremely dilatory conduct sufficient to result in the forfeiture of his right to counsel.

Justice ORIE MELVIN did not participate in the consideration or decision of this matter.

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, dissenting.

I respectfully dissent from the *per curiam*, merits-based disposition of this case. The allocatur stage is normally reserved for making the threshold determination of whether to grant discretionary review, *see* Supreme Court IOP § 5C, and as occurred here, the respondent ordinarily does not file a brief, as none is required. The majority, however, undertakes merits review at the allocatur stage to conclude that Respondent's behavior constituted extremely dilatory conduct suffi-

cient to result in the forfeiture of his right to counsel under *Commonwealth v. Lucarelli*, 601 Pa. 185, 971 A.2d 1173 (2009).

I continue to adhere to the view that the Court should exercise greater restraint at the discretionary review stage. *Cf. Progressive N. Ins. Co. v. Henry*, 607 Pa. 94, 4 A.3d 153 (2010) (Saylor, J., dissenting); *County of Berks v. Int'l Bhd. of Teamsters Local Union No. 429*, 600 Pa. 128, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). While, like the intermediate court, I understand the trial court's frustration with the difficult and trying problems presented by Respondent's actions, I do not subscribe to circumventing briefing and ordinary consideration by this Court, given the factual dynamics. *Cf. id.*; Supreme Court IOP § 3(B)(5).