18 A.3d 1145

Francis E. WEAVER, Appellant

v.

**PENNSYLVANIA DEPARTMENT OF CORRECTIONS,** Shirley Moore Smeal, Acting Secretary, Office of Attorney General, Ronald C. Stanko, Administrative Law Judge, Chief Deputy Attorney General, Appellees.

Supreme Court of Pennsylvania.

May 4, 2011.

## ORDER

PER CURIAM.

**AND NOW,** this 4th day of May, 2011, the order of the Commonwealth Court is **AFFIRMED.**

18 A.3d 1146

Styliani MASHAS, and John Mashas, h/w and Stavros Paxinos, and Angelica Paxinos, h/w, Petitioners

v.

**Mary Elizabeth SUCICH,** Respondent.

Supreme Court of Pennsylvania.

May 4, 2011.

294

PER CURIAM.

**AND NOW,** this 4th day of May, 2011, the Petition for Allowance of Appeal is **GRANTED.** Petitioners' counsel explained her absence at trial was due to the trial court's failure to comply with Administrative Judicial Order 98–1, a Philadelphia local rule of civil procedure that mandates notice of trial be given no later than 3:00 p.m. the day prior to trial. *See* Administrative Judicial Order 98–1 ("Cases will not be assigned later than 3:00 p.m. on the day prior to jury selection."). It is undisputed the trial court did not comply with this rule, as it notified Petitioners' counsel of the upcoming trial at 3:55 p.m. the day before trial. As such, Petitioners demonstrated a reasonable explanation for their absence, and have therefore met the second prong of the test for opening a judgment of *non pros. See* Pa.R.Civ.P. 3051 (to seek relief from a judgment of *non pros,* a petitioner must show (1) the petition was timely filed; (2) there is a reasonable explanation for the inactivity or delay; and (3) there is a meritorious cause of action). As the Superior Court held otherwise, its conclusion was in error. Accordingly, the order of the Superior Court is **VACATED,** and the matter is **REMANDED** to the Superior Court for consideration of the remaining factors for granting a motion to open a judgment of *non pros.*

Justice SAYLOR files a Dissenting Statement which is joined by Justice EAKIN.

Justice SAYLOR, dissenting.

The allocatur stage is normally reserved for making the threshold determination of whether to grant discretionary review. *See* Supreme Court IOP § 5C. Here, however, the majority undertakes merits review at the allocatur stage. Thus, it proceeds to enter an order dispositive of factual and legal matters in this case, although we have no briefs, and the respondent was not required to file an answer and has not done so.

The basis for the majority's order is its assertion that "[i]t is undisputed the trial court ... notified Petitioners' counsel of the upcoming trial at 3:55 p.m." There is, however, no finding to this effect by the court of original jurisdiction, no affirmative admission by the respondent, and no factual record from which such a fact could be derived. At this juncture, there is only the assertion by Petitioners' counsel.

I maintain the concern that the Court should exercise greater restraint at the discretionary review stage. *Cf. Progressive N. Ins. Co. v. Henry*, 4 A.3d 153 (Pa.2010) (Saylor, J., dissenting); *County of Berks v. Int'l Bhd. of Teamsters Local Union No. 429*, 600 Pa. 128, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). While the sentiment appears to prevail that this type of error-review case does not warrant full briefing and ordinary consideration by this Court on the appeal docket, I remain of the view that shortcutting such process is not a tenable alternative in the absence of concretely established facts and clearly and directly applicable law. *Cf. id.*; Supreme Court IOP § 3(B)(5).

Justice EAKIN joins this Dissenting Statement.