26 A.3d 473

**COMMONWEALTH of Pennsylvania, Petitioner**

**v.**

**John RUGGIANO, Respondent.**

Supreme Court of Pennsylvania.

Aug. 1, 2011.

### *ORDER*

PER CURIAM.

**AND NOW,** this 1st day of August, 2011, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Superior Court granting a new trial is **VACATED,** and the matter is **REMANDED** to the trial court for hearings, after which the trial court may grant a new trial or reinstate the judgment of sentence. *See Commonwealth v. Eck,* 413 Pa.Super. 538, 605 A.2d 1248 (1992). Because the evidence of J.S.'s prior juvenile adjudication could be used to show bias or motive, an exception to the Rape Shield Law, the trial court is to determine the admissibility of this evidence at an *in camera* hearing consistent with the procedures and balancing test first outlined in *Commonwealth v. Black,* 337 Pa.Super. 548, 487 A.2d 396, 401 (1985). *See also Commonwealth v. Fink,* 791 A.2d 1235, 1241–42 (Pa.Super.2002). With regard to the other victim Ja.S., since his past sexual conduct is not at issue, the Rape Shield Law simply does not apply. Thus, the trial court is instructed to determine whether the evidence sought to be

admitted as to Ja.S. is admissible under the traditional rules of evidence. *See Commonwealth v. Johnson,* 536 Pa. 153, 638 A.2d 940, 942 (1994).

Justice SAYLOR files a dissenting statement.

Justice SAYLOR, dissenting.

The allocatur stage is normally reserved for making the threshold determination of whether to grant discretionary review. *See* Supreme Court IOP § 5C. Here, however, the majority undertakes merits review at the allocatur stage and proceeds to enter an order dispositive of factual and legal matters in this case. It does so without the benefit of briefs, or at least an answer from the respondent, and cites to cases issued by the Superior Court, in seeming contradiction to our Internal Operating Procedures governing the use of *per curiam* orders. *See* Supreme Court IOP § 3(B)(5).

I maintain the concern that the Court should exercise greater restraint at the discretionary review stage. *Cf. Progressive N. Ins. Co. v. Henry,* 607 Pa. 94, 4 A.3d 153 (Pa.2010) (Saylor, J., dissenting); *County of Berks v. Int'l Bhd. of Teamsters Local Union No. 429,* 600 Pa. 128, 129–31, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). While the sentiment appears to prevail that this type of error-review case does not warrant full briefing and ordinary consideration by this Court on the appeal docket, I remain of the view that shortcutting such process is not a tenable alternative in the absence of concretely established facts and clearly and directly applicable law. *Cf. id;* Supreme Court IOP § 3(B)(5).