24 A.3d 359

**COMMONWEALTH of Pennsylvania, Petitioner**

**v.**

**Lionel HAMER, III, Respondent.**

Supreme Court of Pennsylvania.

Aug. 3, 2011.

## *ORDER*

PER CURIAM.

**AND NOW,** this 3rd day of August, 2011, the Petition for Allowance of Appeal is hereby **GRANTED,** the order of the Superior Court is **VACATED,** and this case **REMANDED** to that court for consideration of the other issues raised by petitioner before the Superior Court. Although the best evidence was available, the trial court followed proper procedure pursuant to Pa.R.E. 1002 by not allowing the introduction of the videotape, due to its containing material prohibited by *Bruton v. United States,* 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). Jurisdiction relinquished.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

The allocatur stage is normally reserved for making the threshold determination of whether to grant discretionary review. *See* Supreme Court IOP § 5C. Here, however, the majority undertakes merits review at the allocatur stage and enters an order dispositive of factual and legal matters in this case. It does so without the benefit of briefs or, at the very least, an answer from the respondent, and overlooks a substantial defect in the Petition for Allowance of Appeal. *See* Pa.R.A.P. 1115(a)(3) (requiring a statement of the questions presented for review).

I maintain the concern that the Court should exercise greater restraint at the discretionary review stage. *Cf. Progressive N. Ins. Co. v. Henry,* 607 Pa. 94, 4 A.3d 153 (Pa.2010) (Saylor, J., dissenting); *County of Berks v. Int'l Bhd. of Teamsters Local Union No. 429,* 600 Pa. 128, 129–31, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). While the senti-

ment appears to prevail that this type of error-review case does not warrant full briefing and ordinary consideration by this Court on the appeal docket, I remain of the view that shortcutting such process is not a tenable alternative in the absence of concretely established facts and clearly and directly applicable law. *Cf. id;* Supreme Court IOP § 3(B)(5).