44 A.3d 26

**Robert HOSTLER, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD
(MILLER WAGMAN, INC.), Respondent.**

Supreme Court of Pennsylvania.

May 2, 2012.

## *ORDER*

PER CURIAM.

**AND NOW,** this 2nd day of May 2012, the Petition for Allowance of Appeal is **GRANTED,** the portion of the Commonwealth Court's Order that reversed the Workers' Compensation Appeal Board order is **VACATED,** and the order of the Workers' Compensation Appeal Board, which affirmed the Workers' Compensation Judge's calculation of petitioner's average weekly wage, is **REINSTATED.** The WCJ did not err in finding that petitioner did not maintain a continuous employment relationship with Employer, as petitioner did not "retain[ ] significant rights/accoutrements of employment" with Employer. *Contrast Reifsnyder v. Workers' Compensation Appeal Board (Dana Corporation),* 584 Pa.341, 883 A.2d 537, 547 (2005) (although injured employees were subject to work-related layoffs for business/economic reasons, these claimants "nevertheless maintained continuous employment relationships with Employer[.] ... [I]n those down times where layoffs occurred, [pursuant to their collective bargaining agreement, c]laimants retained significant rights/accoutrements of employment, such as plant seniority, healthcare and sick leave benefits, and employer contributions to their retirement accounts."). Accordingly, the Commonwealth Court's

calculation of petitioner's average weekly wage under 77 P.S. § 582(d) was erroneous and the WCJ's alternate calculation of petitioner's average weekly wage, which was affirmed by the Workers' Compensation Appeal Board, was correct. The WCJ's alternate calculation is necessary to fairly assess claimant's earnings, *Hannaberry HVAC v. Workers' Compensation Appeal Board (Snyder, Jr.)*, 575 Pa.66, 834 A.2d 524 (2003), and advances the humanitarian purpose of the Workers' Compensation Act, *id.*, and the purpose of Section 582—to accurately capture economic reality when calculating claimant's average weekly wage. *Reifsnyder*, 883 A.2d at 548.

Justice SAYLOR files a Dissenting Statement.

Justice SAYLOR, dissenting.

I respectfully dissent from the *per curiam*, merits-based disposition of this case. The allocatur stage is normally reserved for making the threshold determination of whether to grant discretionary review. *See* Supreme Court IOP § 5C. The majority, however, undertakes to assess the merits to conclude that the Commonwealth Court erred in its average weekly wage analysis under the Workers' Compensation Act.

I continue to adhere to the view that the Court should exercise greater restraint at the discretionary review stage. *See, e.g., Progressive N. Ins. Co. v. Henry*, 607 Pa. 94, 4 A.3d 153, 153 (2010) (Saylor, J., dissenting); *Cnty. of Berks v. Int'l Bhd. of Teamsters Local Union No. 429*, 600 Pa. 128, 963 A.2d 1272, 1272–73 (2009) (Saylor, J., dissenting). While the outcome of certain matters may be so apparent as to justify a *per curiam* disposition on the allocatur docket, particularly where a decision of this Court is clearly aligned with the case under review, I do not regard the authority cited in the majority's order as satisfying this criterion. *See Reifsnyder v. WCAB (Dana Corp.)*, 584 Pa.341, 883 A.2d 537 (2005); *Hannaberry HVAC v. WCAB (Snyder, Jr.)*, 575 Pa.66, 834 A.2d 524 (2003). To this end, *Reifsnyder* does not set forth a *per se* test for determining whether a continuous employment relationship exists, and the unique facts of *Hannaberry* do not readily analogize to the present scenario.

Moreover, while some of the factors cited in *Reifsnyder* for finding a long-term employment relationship are absent from this case, the Commonwealth Court observed that, for nine years, Claimant experienced a yearly layoff for several months, after which he always returned to work, and that Employer had intended to re-call Claimant after a layoff in September 2007. As the significance of such a history in the overall continuing-employment-relationship inquiry is unclear, *see Reifsnyder*, 883 A.2d at 547 ("In addition, Claimants all returned to work with Employer following their respective layoffs, evidencing an ongoing employment relationship despite the periods of inactivity."), I cannot join the *per curiam* disposition of this case.