J-S67020-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LIONEL HAMER, II | |
| Appellant | No. 479 WDA 2014 |

Appeal from the PCRA Order March 3, 2014
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001372-2008

BEFORE: DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.: **FILED DECEMBER 03, 2014**

Appellant, Lionel Hamer, II, appeals from the March 3, 2014 order, dismissing his petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.[1] After careful review, we affirm.

We summarize the relevant factual and procedural history of this case as follows. On July 11, 2008, the Commonwealth filed an information, charging Appellant with one count each of aggravated assault and criminal conspiracy.[2] On January 20, 2009, the jury found Appellant guilty of the above-mentioned offenses. On March 19, 2009, the trial court imposed an

---

[*] Former Justice specially assigned to the Superior Court.

[1] The Commonwealth elected not to file a brief in this matter.

[2] 18 Pa.C.S.A. §§ 2702(a)(1) and 903(a), respectively.

aggregate sentence of 114 to 228 months' imprisonment.[3] Appellant filed a timely post-sentence motion on March 30, 2009, which the trial court denied the next day.[4] On April 14, 2009, Appellant filed a timely notice of appeal. On August 6, 2010, this Court issued a memorandum decision, reversing and remanding for a new trial. ***Commonwealth v. Hamer***, 11 A.3d 1015 (Pa. Super. 2010) (unpublished memorandum), *reversed*, 24 A.3d 359 (Pa. 2011). On August 3, 2011, our Supreme Court granted the Commonwealth's petition for allowance of appeal, vacated this Court's judgment, and remanded for the consideration of Appellant's remaining issues on appeal. ***Id.*** On September 12, 2011, this Court addressed the balance of Appellant's issues on direct appeal and affirmed the judgment of sentence in every aspect except as to restitution, for which this Court remanded for resentencing. ***Commonwealth v. Hamer***, 34 A.3d 223 (Pa. Super. 2011) (unpublished memorandum). Appellant did not seek further review in our Supreme Court. On January 31, 2012, the trial court

---

[3] Specifically, the trial court imposed a sentence of 48 to 96 months' imprisonment for criminal conspiracy and 66 to 132 months' imprisonment for aggravated assault. Both sentences were to run consecutively to each other.

[4] We observe that the tenth day fell on Sunday, March 29, 2009. When computing the ten-day filing period, "[if] the last day of any such period shall fall on Saturday or Sunday … such day shall be omitted from the computation." 1 Pa.C.S.A. § 1908. Therefore, the tenth day for Appellant to file a timely post-sentence motion was Monday, March 30, 2009.

conducted a new restitution hearing, resulting in a new sentencing order. Appellant did not file a new notice of appeal to this Court.

On January 28, 2013, Appellant filed a timely *pro se* PCRA petition. The PCRA court appointed counsel who filed an amended PCRA petition on April 3, 2013. The PCRA court conducted an evidentiary hearing on July 12, 2013. On March 3, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. On March 24, 2014, Appellant filed a timely notice of appeal.[5]

On appeal, Appellant raises three issues for our review.

> [1.] [Whether t]he PCRA [c]ourt erred in denying [Appellant]'s PCRA petition and determining that trial counsel was not ineffective for failing to challenge the eye witness [sic] testimony given at trial regarding [Appellant]'s visible eye defect[?]
>
> [2.] [Whether t]he PCRA [c]ourt erred in denying [Appellant]'s PCRA petition and determining that trial counsel was not ineffective for failing to explain to [Appellant] his right to testify on his own behalf[?]
>
> [3.] [Whether t]he PCRA [c]ourt erred in denying [Appellant]'s PCRA petition and determining that prior appellate counsel was not ineffective for failing to appeal issues remaining after the Superior Court's September 12, 2011 decision[,] to the Supreme Court[?]

Appellant's Brief at 1.

---

[5] Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

We begin by noting our well-settled standard of review. "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotation marks and citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014) (citation omitted). "It is well-settled that a PCRA court's credibility determinations are binding upon an appellate court so long as they are supported by the record." *Commonwealth v. Robinson*, 82 A.3d 998, 1013 (Pa. 2013) (citation omitted). However, this Court reviews the PCRA court's legal conclusions *de novo*. *Commonwealth v. Rigg*, 84 A.3d 1080, 1084 (Pa. Super. 2014) (citation omitted).

The Sixth Amendment to the Federal Constitution provides in relevant part that, "[i]n all criminal prosecutions, the accused shall enjoy the right … to have the Assistance of Counsel for his defence."[6] U.S. Const. amend. vi. The Supreme Court has long held that the Counsel Clause includes the right to the effective assistance of counsel. *See generally Strickland v.*

---

[6] Likewise, Article I, Section 9 of the Pennsylvania Constitution states in relevant part, "[i]n all criminal prosecutions the accused hath a right to be heard by himself and his counsel …." Pa. Const. Art. I, § 9. Our Supreme Court has held that the Pennsylvania Constitution does not provide greater protection than the Sixth Amendment. *Pierce*, *supra* at 976.

*Washington*, 466 U.S. 668, 686; *Commonwealth v. Pierce*, 527 A.2d 973, 975 (Pa. 1987).

In analyzing claims of ineffective assistance of counsel, "[c]ounsel is presumed effective, and [appellant] bears the burden of proving otherwise." *Fears*, *supra* at 804 (brackets in original; citation omitted). To prevail on any claim of ineffective assistance of counsel, a PCRA petitioner must allege and prove "(1) the underlying legal claim was of arguable merit; (2) counsel had no reasonable strategic basis for his action or inaction; and (3) the petitioner was prejudiced—that is, but for counsel's deficient stewardship, there is a reasonable likelihood the outcome of the proceedings would have been different." *Commonwealth v. Simpson*, 66 A.3d 253, 260 (Pa. 2013). "A claim of ineffectiveness will be denied if the petitioner's evidence fails to satisfy any one of these prongs." *Commonwealth v. Elliott*, 80 A.3d 415, 427 (Pa. 2013) (citation omitted).

Furthermore, "[w]ith regard to the second, reasonable basis prong, we do not question whether there were other more logical courses of action which counsel could have pursued; rather, we must examine whether counsel's decisions had any reasonable basis." *Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (internal quotation marks and citation omitted). "[W]e only inquire whether counsel had any reasonable basis for [her] actions, not if counsel pursued the best available option." *Commonwealth v. Philistin*, 53 A.3d 1, 10 (Pa. 2012) (citation omitted).

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." **Commonwealth v. Carson**, 913 A.2d 220, 226-227 (Pa. 2006), *cert. denied*, **Carson v. Pennsylvania**, 552 U.S. 954 (2007), *citing* **Strickland**, **supra** at 689.

In his first issue, Appellant argues that trial counsel was ineffective for not challenging any eyewitness testimony regarding Appellant's visible eye defect.[7] Appellant's Brief at 3. At the PCRA hearing, trial counsel testified that there was only one witness who testified that "[Appellant] actually struck the victim … [and his] testimony was all over the place, kind of a mess." N.T., 7/12/13, at 29. Counsel also noted that this witness made an in-court identification of Appellant, as the witness knew Appellant. **Id.** at 30. Therefore, counsel believed that, had she asked the witness about Appellant's eye defect, it may have further enforced the witness's identification of Appellant. **Id.**

As noted above, it is axiomatic that the PCRA court's credibility determinations are binding on this Court. **Robinson**, **supra**. In this case, counsel testified that she had a reasonable trial strategy to avoid the possibility of having the sole in-court identification strengthened further by

---

[7] Appellant's left eye and right eye are different colors. N.T., 7/12/13, at 4-5. According to Appellant, this is because he is blind in one eye. **Id.** at 4.

bringing up Appellant's unique optical trait. The PCRA court explicitly found counsel's testimony credible. PCRA Court Final Order, 3/3/14, at 6. As noted above, our inquiry is limited to "whether counsel had any reasonable basis for [her] actions[.]" **Philistin**, **supra**. In this case, we agree with the PCRA court that counsel did have a reasonable basis for not pressing Appellant's eye defect further. Therefore, we conclude Appellant is not entitled to relief on this issue. **See Chmiel**, **supra**; **Philistin**, **supra**; **Carson**, **supra**.

In his second issue, Appellant avers that "he was unaware that he was able to testify on his own behalf." Appellant's Brief at 4. He argues that trial counsel was ineffective for not making him aware of this right.

> The decision of whether or not to testify on one's own behalf is ultimately to be made by the defendant after full consultation with counsel. In order to sustain a claim that counsel was ineffective for failing to advise the appellant of his rights in this regard, the appellant must demonstrate either that counsel interfered with his right to testify, or that counsel gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf.

**Commonwealth v. Michaud**, 70 A.3d 862, 869 (Pa. Super. 2013) (citation omitted).

In the case *sub judice*, counsel testified that she and Appellant discussed the possibility of his testifying in his own defense "on several occasions[.]" N.T., 7/12/13, at 28. Counsel stated that "[o]ne of the reasons that he was reluctant to take the stand was because he had a prior

- 7 -

assault, and … if you were to open the door while he was testifying, that could potentially come in, and [she] thought that would be very damaging for the jury[.]" *Id.* Counsel also noted that had Appellant testified, the Commonwealth could have cross-examined him on his statement that "he threw a punch, but he hadn't inflicted most of the damage …" to the victim, which he claims was caused by his co-defendants. *Id.* at 27. The PCRA court explicitly found trial counsel's testimony credible on this issue. PCRA Court Final Order, 3/3/14, at 6. As a result, we cannot conclude that counsel either "interfered with [Appellant's] right to testify, or … gave specific advice so unreasonable as to vitiate a knowing and intelligent decision to testify on his own behalf." *Michaud*, *supra*. Therefore, we conclude Appellant is not entitled to relief on his second issue.

In his third issue, Appellant argues that he was entitled to have his *allocatur* rights reinstated *nunc pro tunc*. Appellant's Brief at 5. Appellant argues that "he wished for his appellate counsel to appeal the issues that [this Court] had not remanded to the Supreme Court of Pennsylvania." *Id.* Appellant claims that appellate counsel "told him to put those issues into his *habeas corpus* motion to be filed later." *Id.* Appellant points to a letter he wrote to appellate counsel dated October 14, 2012. At the PCRA hearing, Appellant testified that right before his restitution hearing, he asked appellate counsel to file an *allocatur* petition. N.T., 7/12/13, at 16.

This Court has explained that a defendant may have his *allocatur* rights reinstated *nunc pro tunc* if he or she can show either "(1) that a rational defendant would want to appeal (for example, because there are non-frivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." **Commonwealth v. Bath**, 907 A.2d 619, 623 (Pa. Super. 2006), *appeal denied*, 918 A.2d 741 (Pa. 2007), *quoting* **Commonwealth v. Touw**, 781 A.2d 1250, 1254 (Pa. Super. 2001). As noted above, Appellant only argues that the second condition applies in this case as Appellant avers he "did request such an appeal and counsel failed to comply with this request." Appellant's Brief at 5.

At the PCRA hearing, appellate counsel testified that Appellant did not discuss filing a petition for allowance of appeal in our Supreme Court with him. N.T., 7/12/13, at 36, 38. The PCRA court expressly found appellate counsel's testimony credible on this issue. PCRA Court Final Order, 3/3/14, at 6. Furthermore, the October 14, 2012 letter does not contain any request to appellate counsel to file a petition for allowance of appeal from this Court's September 12, 2011 memorandum decision. **See** Appellant's Letter to Appellate Counsel, 10/25/12, Commonwealth's Exhibit 1. However, even if the letter did contain such a request, the *allocatur* period for Appellant to appeal expired on October 12, 2011, 30 days after this Court's decision was filed. **See** Pa.R.A.P. 1113(a) (stating, "a petition for allowance of appeal

shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court … sought to be reviewed[]"). Therefore, any request for counsel to file a petition for allowance of appeal from this Court's September 2, 2011 memorandum decision would have been untimely. Based on these considerations, we conclude Appellant is not entitled to have his *allocatur* rights reinstated *nunc pro tunc*. **See Bath**, **supra**.

Based on the foregoing, we conclude all of Appellant's issues on appeal are devoid of merit. Accordingly, the PCRA court's March 3, 2014 order is affirmed.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/3/2014