J. S36028/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
   :    PENNSYLVANIA
v.    :
   :
GREGORY RAMOS,    :
   :
Appellant    :    No. 1384 MDA 2015

Appeal from the PCRA Order July 13, 2015
In the Court of Common Pleas of Franklin County
Criminal Division No(s): CP-28-CR-0002005-2010
CP-28-CR-0002006-2010
CP-28-CR-0002007-2010
CP-28-CR-0002008-2010

BEFORE: MUNDY, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:          **FILED JULY 01, 2016**

Appellant, Gregory Ramos, appeals from the July 13, 2015 Order entered in the Franklin County Court of Common Pleas denying his first Petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

On October 20, 2011, a jury convicted Appellant of two counts each of Sexual Exploitation of Children, Promoting Prostitution, and Corruption of Minors.[1] On January 18, 2012, the trial court imposed an aggregate sentence of 22 to 44 years' incarceration.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 6320; 18 Pa.C.S. § 5902; and 18 Pa.C.S. § 6301, respectively.

Appellant filed a direct appeal. We affirmed Appellant's Judgment of Sentence on April 4, 2013. **Commonwealth v. Ramos**, Nos. 1115, 1116, 1117 & 1118 MDA 2012 (Pa. Super. filed April 4, 2013) (unpublished memorandum). Our Supreme Court denied Appellant's Petition for Allowance of Appeal on October 9, 2013. **Commonwealth v. Ramos**, 77 A.3d 636 (Pa. 2013).

On March 7, 2014, Appellant filed the instant timely *pro se* PCRA Petition, later amended by appointed counsel, alleging, *inter alia*, ineffective assistance of trial and appellate counsel.[2]

The PCRA court held an evidentiary hearing on June 25, 2015, at which Appellant and David Breschi, Esq.,[3] testified. On July 13, 2015, the PCRA court dismissed Appellant's Petition. Appellant filed a timely Notice of Appeal on August 12, 2015.

Appellant raises the following issue for our review:

> Whether the PCRA Court erred in denying Petitioner relief in the form of restoration of his direct appeal rights, where he presented testimony that his previous appellate counsel filed a sole wholly frivolous issue on direct appeal and thus waived a meritorious issue involving his 6[th] Amendment right to counsel at his Preliminary Hearing?

Appellant's Brief at 8.

---

[2] Relevant to the instant Petition, appellate counsel did not develop claim that Appellant had been improperly denied counsel at the preliminary hearing, which resulted in waiver of the issue on appeal.

[3] David Breschi, Esq. represented Appellant at trial and on direct appeal.

We review the denial of a PCRA Petition to determine whether the record supports the PCRA court's findings and whether its order is otherwise free of legal error. ***Commonwealth v. Fears***, 86 A.3d 795, 803 (Pa. 2014). This Court grants great deference to the findings of the PCRA court if they are supported by the record. ***Commonwealth v. Boyd***, 923 A.2d 513, 515 (Pa. Super. 2007). We give no such deference, however, to the court's legal conclusions. ***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012).

To be eligible for relief pursuant to the PCRA, Appellant must establish, *inter alia*, that his conviction or sentence resulted from one or more of the enumerated errors or defects found in 42 Pa.C.S. § 9543(a)(2). Appellant must also establish that the issues raised in the PCRA petition have not been previously litigated or waived. 42 Pa.C.S. § 9543(a)(3). An allegation of error "is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

Appellant's sole issue in this appeal avers that he received ineffective assistance of appellate counsel. The law presumes counsel has rendered effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating ineffectiveness rests on Appellant. ***Id***. To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable

merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and (3) but for counsel's ineffectiveness, there is a reasonable probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003).  Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim.  ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002).

Appellate counsel is not required to raise all non-frivolous claims on appeal.  Rather, appellate counsel may select to raise those issues that maximize the likelihood of success on appeal.  Thus, "[a]rguably meritorious claims may be omitted in favor of pursuing claims which, in the exercise of appellate counsel's objectively reasonable professional judgment, offer a greater prospect of securing relief." ***Commonwealth v. Lambert***, 797 A.2d 232, 244 (Pa. 2001).

Appellant avers that his appellate attorney was ineffective for raising a "wholly frivolous issue on direct appeal" and failing to develop his Sixth Amendment claim that he was impermissibly denied counsel at the preliminary hearing resulting in waiver of the issue.  Appellant's Brief at 8.  In his direct appeal, Appellant raised, *inter alia*, the following issue: "whether the trial court erred in denying Appellant's motion to direct the Commonwealth to offer him a plea agreement[.]" ***See Commonwealth v. Ramos***, Nos. 1115, 1116, 1117 & 1118 MDA 2012, unpublished

memorandum at 1 (Pa. Super. filed April 4, 2013). Appellant argues here that Attorney Breschi "couched the issue before the Superior Court as one of **discrimination based upon income**[,]" which was "in direct conflict with existing precedent and thus frivolous." Appellant's Brief at 10-11 (emphasis in original).

In the disposition of Appellant's direct appeal, this Court noted:

> Appellant … offers an unclear argument, without factual citations to the record, in which he seems to be saying that, based on his income, he applied for a public defender, was initially denied one, was later granted one on the day of the preliminary hearing, but nonetheless represented himself because no counsel appeared to represent him. Furthermore, Appellant claims that, because he represented himself at his preliminary hearing, he declined to waive that hearing—a decision he would not have made if he had been counseled. Moreover, he asserts that, because he did not waive his hearing, the Commonwealth refused to offer him a plea agreement. Appellant suggests that, if he had had sufficient income to hire counsel, counsel would have represented Appellant at his preliminary hearing, Appellant would not have waived his hearing, and the Commonwealth would have engaged in plea negotiations. Appellant concludes his income was thus the basis for the Commonwealth's decision not to offer a plea agreement.

> \* \* \*

> Appellant's argument does not entitle him to relief.[1]

> > FN1: In the course of making the foregoing complaint about the lack of plea bargaining by the Commonwealth, Appellant inserts a sketchy contention that he was denied the right to counsel at his preliminary hearing. This claim is waived as it is undeveloped.

***Commonwealth v. Ramos***, Nos. 1115, 1116, 1117 & 1118 MDA 2012, unpublished memorandum at 6-7 (Pa. Super. filed April 4, 2013).

Appellant's underlying denial of counsel claim lacks arguable merit. As the PCRA court opined:

[T]his Court notes that [Appellant] was well aware of his right to counsel during a Preliminary Hearing. [Appellant] received two continuances of his Preliminary Hearing because he did not have counsel. [Appellant]'s September 7, 2010 hearing was continued until October 5, 2010. In addition, [Appellant]'s October 5, 2010 hearing was continued until October 19, 2010. Upon receiving his second continuance, [Appellant] was warned by the Court that he must secure an attorney by the new date of October 19, 2010 or he will be deemed to have waived counsel and he will proceed *pro se*. [Appellant] still appeared without an attorney at the October 19, 2010 Preliminary Hearing. [Appellant], however, brought his nephew as a witness, who testified at the Preliminary Hearing.

At the June 25, 2015 [PCRA] hearing, First ADA Lauren Sulcove stated that she confirmed that [Appellant] had no public defender appointed to him before the October 19 Preliminary Hearing date. Defendant stated that he applied three times for a public defender, including right before the October 19 Preliminary Hearing date. The Commonwealth asserts that [Appellant] only applied for a public defender once and it was right before the October 19 [P]reliminary [H]earing date.

This Court finds that [Appellant]'s testimony was not credible during the PCRA hearing. Defendant had ample opportunity to find a public defender or private counsel. [Appellant], however, by his own admission, sought a public defender shortly before the October 19 hearing date and time. This Court finds that [Appellant] waited until the October 19 Preliminary Hearing date to apply for counsel as he knew that no further continuances would be granted due to his lack of counsel. There is no evidence to substantiate [Appellant]'s claim that he applied for a public defender on two occasions prior to the October 19 Preliminary Hearing date. [Appellant] appears to have been playing games with the Court as he kept seeking continuances, and when he knew he would not be given another continuance, he applied for a public defender at the last moment in hopes of further stalling the judicial process.

> Unlike the Preliminary Hearing in **Tuggle**,[4] [Appellant] did not have multiple Preliminary Hearings on different days. In addition, unlike the circumstances in **Tuggle**, it appears that [Appellant] impliedly acquiesced to proceeding without counsel by not making an attempt to acquire counsel until the last moment and by bringing his nephew as a witness to the Preliminary Hearing.

PCRA Court Opinion, filed 9/18/15, at 3-4.

As noted by the PCRA court, the evidence shows that Appellant forfeited his right to counsel. **See Commonwealth v. Travillion**, 17 A.3d 1247, 1247-48 (Pa. 2011) (concluding that the appellant forfeited counsel where he had insisted on privately retained counsel but took no steps to secure counsel). **See also Commonwealth v. Lucarelli**, 971 A.2d 1173, 1179-80 (Pa. 2009) (holding that "Pa.R.Crim.P. 121 [regarding waiver of counsel] and its colloquy requirements do not apply to situations where forfeiture is found."). As such, Appellant's right to counsel claim lacks merit. Because the underlying claim is without merit, Appellant's ineffectiveness claim fails.

The record supports the PCRA court's findings and its Order is otherwise free of legal error. Accordingly, we affirm.

---

[4] **Commonwealth v. Tuggle**, 380 A.2d 373 (Pa. Super. 1977).

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/1/2016