J-A13015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ELIO OLMO | : | |
| | : | |
| Appellant | : | No. 1438 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0010416-2016,
CP-51-CR-0010417-2016

BEFORE:   SHOGAN, J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 20, 2019**

Elio Olmo ("Appellant") appeals from the judgment of sentence entered on April 19, 2018, after a jury convicted him of multiple sexual offenses against his niece, D.G., at CP-51-CR-0010416-2016, and against D.G.'s older cousin, M.R., at CP-51-CR-0010417-2016.  We affirm.

The trial court has provided a detailed account of the facts in its opinion filed pursuant to Pa.R.A.P. 1925(a).  Trial Court Opinion, 7/3/18, at 3–8. Thus, we need only provide a brief summary, as follows:  D.G. was born in October 2000; Appellant was born in November 1989.  N.T., 9/14/17, at 58, 210.  Between 2007 and 2010, Appellant sexually assaulted D.G. on multiple occasions.  *Id.* at 61–115.  M.R. was born in September 1991.  *Id.* at 189. Between 2005 and 2010, M.R. was in a romantic relationship with Appellant from the time she was thirteen years old until she was eighteen years old.  *Id.*

_____
*   Retired Senior Judge assigned to the Superior Court.

at 191. In May 2010, upon learning that M.R. was attending her senior prom with a friend, Appellant physically assaulted M.R. and then raped her; she was eighteen years old at the time. *Id.* at 200–207.

Neither D.G. nor M.R. told anybody about the assaults when they occurred. N.T., 9/14/17, at 92, 207. Years later, D.G. told her younger sister. *Id.* at 115, 118, 255. Several months later, on March 12, 2016, D.G.'s younger sister informed D.G.'s mother that Appellant had molested D.G. *Id.* at 258, 269–274. D.G.'s mother contacted the police, who interviewed D.G. and M.R.. *Id.* at 123–124, 155, 157, 214, 272. The police arrested Appellant on October 17, 2016. *Id.* at 159, 296. When Appellant's sister asked him about the allegations during a telephone conversation, Appellant admitted, "Something did go down." *Id.* at 286–287.

At CP-51-CR-0010416-2016, the jury convicted Appellant of rape of a child, involuntary deviate sexual intercourse ("IDSI") with a child, unlawful contact with a minor, indecent assault of a person less than thirteen years of age, and corruption of a minor.[1] At CP-51-CR-0010417-2016, the jury convicted Appellant of rape by forcible compulsion, aggravated assault, and indecent assault without the consent of another.[2] The trial court deferred sentencing until completion of pre-sentence, mental health, and sexually

---

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 6318(a), 3126(a)(7), and 6301(a)(1)(ii), respectively.

[2] 18 Pa.C.S. §§ 3121(a)(1)–(2), 2702(a)(1), and 3126(a)(7), respectively.

- 2 -

violent predator reports. After granting several continuances, the trial court sentenced Appellant on February 26, 2018, to incarceration for an aggregate term of eight to sixteen years, followed by five years of reporting probation. The trial court did not impose sex-offender-registration requirements.

The Commonwealth filed a motion for reconsideration of sentence on March 3, 2018. Following a hearing on April 19, 2018, to determine if sex-offender-registration requirements applied to Appellant, the trial court determined that the recently enacted Act 2018-10[3] applied to Appellant.

_____

[3] The trial court explained:

On November 22, 2017, the Supreme Court of Pennsylvania issued its holding in **Commonwealth v. Derhammer**, 173 A.3d 723 (Pa. 2017), which clarified that Megan's Law III sentencing requirements did not apply to sexual offenders who committed acts between November 24, 2004 and December 20, 2012, effectively eliminating the registration requirement for such offenders. In response, the Pennsylvania State Legislature passed 2018 Pa.L.S. Act 2018-10, which established [enforceable] registration requirements [for] sex offenders who committed acts during the time period when Megan's Law III [was ruled not to apply].

Trial Court Opinion, 7/3/18, at 2 n.1.

The issue of whether Act 10 is constitutional is currently pending before the Pennsylvania Supreme Court. **Commonwealth v. LaCombe**, 35 MAP 2018 (Pa. 2018). Additionally, on August 6, 2019, this Court certified for *en banc* consideration the issue of whether the internet publication provisions of 42 Pa.C.S. § 9699.63, as set forth in Act 10, may be applied retroactively to pre-SORNA offenders without violating *ex post facto* laws. **Commonwealth v. Moore**, ____ A.3d ____, 1566 WDA 2018 (Pa. Super. 2019)

Consequently, it imposed lifetime registration requirements on Appellant at both dockets. Appellant filed a timely notice of appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.[4]

On appeal, Appellant presents the following questions for our review.

1. Did the court err by granting the motion in limine of the Commonwealth to exclude a statement from the police statement of [M.R.] that she had been molested before?

2. Was there insufficient evidence to convict Appellant Elio Olmo of rape and related offenses?

Appellant's Brief at 3.

Because a successful sufficiency-of-the-evidence claim warrants discharge on the pertinent crime, we address Appellant's second issue first. **Commonwealth v. Toritto**, 67 A.3d 29, 33 (Pa. Super. 2013) (citation omitted). Appellant asserts there was insufficient evidence to support his conviction of rape and related offenses. Appellant's Brief at 27. Specifically, Appellant contends that the lack of physical evidence and prompt complaint, as well as the fact that both victims testified to being assaulted when other people were present, failed to prove beyond a reasonable doubt that he committed rape. **Id.** at 27–29.

---

[4] In violation of Pa.R.A.P. 2111(a)(11), Appellant has failed to attach to his appellate brief a copy of his Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

The Commonwealth asserts that Appellant has waived his sufficiency argument on appeal because the "claim is wholly undeveloped." Commonwealth's Brief at 10. We agree.

In order to preserve a challenge to the sufficiency of the evidence on appeal, an appellant's Pa.R.A.P. 1925(b) statement must state with specificity the element or elements upon which the appellant alleges that the evidence was insufficient. **Commonwealth v. Gibbs**, 981 A.2d 274, 281 (Pa. Super. 2009). "Such specificity is of particular importance in cases where, as here, [Appellant] was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." **Id.** at 281 (internal citation omitted).

Here, Appellant's Pa.R.A.P. 1925(b) statement generally alleges that there was insufficient evidence "to convict [Appellant] of any charges." Pa.R.A.P. 1925(b) Statement, 6/17/18, at ¶ 2. Similarly, although Appellant cites to legal authority regarding a sufficiency claim in general and the crime of rape specifically in his appellate brief, he fails to develop any meaningful argument regarding the sufficiency of the Commonwealth's evidence as to any of the offenses charged. Appellant's Brief at 27–29. Thus, we conclude that Appellant has waived his sufficiency claim.[5]

---

[5] Even if not waived, Appellant's sufficiency claim would not warrant relief. In reaching this conclusion, we rely on the trial court's well-reasoned analysis in its Pa.R.A.P. 1925(a) opinion. Trial Court Opinion, 7/3/18, at 10–15.

Appellant's second issue challenges the trial court's decision to preclude a comment made by M.R. in her statement to the police. Appellant's Brief at 24. The trial court provides the context of Appellant's first issue:

> In her March 31, 2016 statement to police [M.R.] stated that she had previously been molested, but provided no additional details. At trial, the Commonwealth filed a Motion in Limine to have that remark excluded on the basis of relevance and its potential to confuse the jury, as nothing in the statement indicated that [M.R.] was referring to [Appellant's] sexual conduct. N.T. 9/14/2017 at 7–11. This [c]ourt agreed that the statement was irrelevant and . . . exclude[d] it. *Id.* at 11.

Trial Court Opinion, 7/3/18, at 8–9.

The following standards of review guide our review:

> When ruling on a trial court's decision to grant or deny a motion *in limine*, we apply an evidentiary abuse of discretion standard of review. The admission of evidence is committed to the sound discretion of the trial court, and a trial court's ruling regarding the admission of evidence will not be disturbed on appeal unless that ruling reflects manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support to be clearly erroneous.

*Commonwealth v. Moser*, 999 A.2d 602, 605 (Pa. Super. 2010) (citation omitted). To the extent that Appellant's question raises a Confrontation Clause issue, our standard of review is *de novo* and our scope of review is plenary. *Commonwealth v. Tejada*, 161 A.3d 313, 317 (Pa. Super. 2017) (citation omitted).

Appellant argues that the comment at issue was evidence of M.R.'s past sexual conduct, admissible to challenge her credibility and demonstrate that she fabricated the allegations against Appellant. Appellant's Brief at 24. Specifically, Appellant asserts that M.R.'s comment and her delay in reporting

the rape suggest that she fabricated the allegations against him. *Id.* at 25.

Appellant also contends that the jury's initial inability to reach a verdict on all

charges suggests that it struggled with M.R.'s credibility. *Id.* at (duplicate

25).

In support of his position, Appellant cites ***Commonwealth v. Palmore***,

195 A.3d 291 (Pa. Super. 2018). Therein:

> [Palmore] sought to admit evidence that he witnessed Victim perform oral sex on his roommate. [Palmore] argued that he confronted Victim about cheating on her boyfriend with his roommate and that he later informed Victim's boyfriend about the encounter. He testified that he verbally informed Victim's boyfriend of the encounter and then communicated about the encounter in a Facebook Messenger conversation with Victim's boyfriend. [Palmore] theorized that Victim accused him of sexual assault so that her boyfriend would not believe his story that he witnessed Victim engaging in sexual conduct with [Palmore's] roommate.

*Id.* at 294–295.

The trial court disposed of Appellant's evidentiary challenge with the

following analysis:

> Evidence is relevant if it has any tendency to make a fact more or less probable than it would be without the evidence, and the fact is of consequence in determining the action. Pa.R.E. 401. All relevant evidence is admissible, except as otherwise provided by law, while evidence that is not relevant is not admissible. Pa.R.E. 402. The [c]ourt may exclude relevant evidence [if] its probative value is outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Pa.R.E. 403.
>
> * * *
>
> [Appellant] contends that the exclusion of [M.R.'s] statement violated his confrontation rights against [M.R.], as her statement tends to show that she falsely claimed to [have] previously been molested in order to buttress her statement about

[Appellant's] assault on D.G. At trial, defense counsel objected on the basis that [M.R.] either didn't understand the term rape or fabricated the allegations. [N.T., 9/14/17,] at 10.

This [c]ourt disagrees. The probative value of the evidence of a prior molestation is speculative at best as to whether [M.R.] previously fabricated molestation claims. There was no evidence presented on the record to indicate that [M.R.] fabricated that prior incident, that she went to the authorities and misled them, or otherwise took any action that could impeach the candor of her testimony.

To what limited extent the evidence could be probative of [M.R.'s] state of mind or potential to offer false testimony, the evidence would have to be excluded because what little probative value said statement had is greatly outweighed by its potential to mislead and confuse the jury. In her police statement, [M.R.'s] reference to a prior molestation is brief and offered without any further explanation. *See* Commonwealth Exhibit C-5. Taken on its own and within the context of the statement as a whole, there is no indication when the prior molestation occurred, who the prior perpetrator was, or if there as any result to an investigation into the allegations. Because there was nothing to indicate that the prior molestation was in any way connected to the instant matter, its reference at open trial had great potential to confuse the jury about the number of incidents that occurred, and possibly prejudice [Appellant] by forcing the jury to consider another unrelated incident that he was not involved in. This [c]ourt did not err in suppressing this wholly irrelevant evidence.

Trial Court Opinion, 7/3/18, at 8, 9–10.

Upon review, we find support in the record for the trial court's findings and no abuse of its discretion in excluding M.R.'s comment. As the trial court opined, informing the jury that M.R. had been molested in the past could lead to speculation as to Appellant's involvement in that incident. Thus, the possibility of prejudice to Appellant outweighed the probative value of M.R.'s vague reference to a prior assault by an unidentified perpetrator. Moreover,

defense counsel was permitted to challenge M.R.'s credibility and motive by questioning her about "conduct between her and [Appellant]" pursuant to 18 Pa.C.S. § 3104[6] because M.R. and Appellant were in a romantic relationship. N.T., 9/14/17, at 11.

Furthermore, Appellant's reliance on **Palmore** is misplaced. Unlike Palmore's testimony that he had observed his accuser's prior sexual conduct, Appellant did not observe M.R. engage in past sexual conduct. In fact, M.R.'s comment did not provide a time or location for the prior molestation, and it did not identify Appellant as M.R.'s molester. Appellant has not demonstrated that M.R.'s comment would support an inference that she fabricated allegations against Appellant.

Appellant waived his sufficiency claim, and his evidentiary challenge lacks merit. Therefore, we affirm the judgment of sentence.

Judgment of sentence affirmed.

_____

[6] This section provides:

> Evidence of specific instances of the alleged victim's past sexual conduct, opinion evidence of the alleged victim's past sexual conduct, and reputation evidence of the alleged victim's past sexual conduct shall not be admissible in prosecutions under this chapter except evidence of the alleged victim's past sexual conduct with the defendant where consent of the alleged victim is at issue and such evidence is otherwise admissible pursuant to the rules of evidence.

18 Pa.C.S. § 3104(a).

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/20/19